**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**UNITED STATES OF AMERICA**

**v.**                                CRIMINAL NO. 5:18-00026-8

**MARK CLARKSON, D.O.**

**MOTION FOR PRODUCTION OF GRAND JURY MATERIALS**
*and*
<u>**MEMORANDUM IN SUPPORT THEREOF**</u>

**M O T I O N**

The defendant, Mark Clarkson, D.O., by counsel, Thomas W. Smith, Esq., hereby moves this Court for an order directing the United States to provide the defendant with copies of all materials presented to Grand Jury 2016-2 that relate to the original, First Superseding, Second Superseding, and Third Superseding Indictments in the above-styled matter.

The defendant respectfully avers that he and others similarly situated have a particularized need to examine:

a.) testimony of witnesses which the government did not supply in discovery;

b.) statements to the grand jury by government attorneys or agents, and:

c.) instructions (if any) given to the grand jury.

In support of this motion, the defendant avers as follows.

1. The defendant is charged in the Third Superseding Indictment with one alleged violation of 21 U.S.C. §846, two alleged violations of 21 U.S.C. §841, and one alleged

violation of 18 U.S.C. §1956(h).

2. The instant motion focuses on Count 1 (21 U.S.C. §846 attempt and conspiracy) and Count 37 (18 U.S.C. §1956 (h) conspiracy to launder money) of said Third Superseding Indictment.

3. Both of said counts – especially count one of the Third Superseding Indictment – have significantly and substantively changed relative to their counterparts in the original, First, and Second Superseding Indictments.

4. In both the original and first superseding indictments, count one alleged that Hope Clinics/PPPFD was *never* a legitimate medical practice, but rather was a drug-dealing enterprise masquerading as a chronic pain-management facility, which was never anything but a "pill mill." In characterizing Hope Clinic's patients as "customers," the government sought to further its premise that Hope Clinics/PPPFD was conceived as a criminal enterprise, and that no person ever sought treatment at Hope Clinics for a legitimate medical purpose.

5. In Count 1, paragraph 2 of the Second and Third Superseding Indictments, those persons previously described in the preceding two indictments as "customers" are now suddenly described instead as "patients."

6. Clearly, government attorneys or their agents either made statements or presented evidence to the grand jury in

support of the theory, as espoused in the original and first superseding indictments, that HOPE/PPPFD was never a legitimate enterprise. If this is the case, any such statement or evidence that lacked factual support would surely have prejudiced the grand jury's deliberations unfairly as to the conspiracy charged in count one of the second superseding indictment. The defendant avers that his right to due process entitles him to examine the grand jury's records against the possibility that it may have been exposed to any such misleading and unfairly prejudicial statements or evidence.

7. There are striking dissimilarities between the Second and Third Superseding Indictments as compared to the two preceding indictments. These raise the disturbing possibility that the evidence presented and the instructions given to the grand jury in support of the second superseding indictment are so dissimilar to the government's representations in support of the two preceding indictments as to warrant dismissal of the second superseding indictment.

8. The defendant respectfully submits that, absent the moved-for materials, he cannot ascertain the underlying basis for the genuine sea change in the *allegata* of the Third Superseding Indictment.

9. As to count 37 (conspiracy to launder money), the defendant avers that the second superseding indictment omits numerous passages from the preceding two indictments. These omissions raise concerns similar to those related above, but are comparatively less pressing.

Alternatively, should the Court be disinclined to grant this motion, the defendant respectfully moves this Court for *in camera* inspection of the documents requested herein.

# M E M O R A N D U M

The defendant acknowledges that the "indispensable secrecy of grand jury proceedings must not be broken except where there is compelling necessity." *U.S. v. Capozzi*, 486 F.3d 711, 727 (1st Cir. 2007) (quoting *U.S. v. Procter and Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L. Ed. 2d 1077 (1958). The defendant also acknowledges that "the burden of showing particularized need rests squarely on the defendant. The court has discretion pursuant to Fed. R. Crim. P. 6(e)(3)(E) "to pierce the secrecy of the grand jury and authorize disclosure of a grand jury matter [,]" but only upon a showing by the defendant of a "particularized need" for the material, "that is that (1 the material sought is needed to avoid a possible injustice in another judicial proceeding, 2) the need for disclosure outweighs the need for continued secrecy and 3) the request is structured to cover only what is needed. *U.S. v. George*, 839 F. Supp 2d 430, 437, (D.Mass. 2012) (quoting *Douglas Oil Co. Of Cal. V. Petrol*

*Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct 1667, 1674, 60 L.Ed. 2d 156 (1979), *aff'd on other grounds,* 761 F.3d 42 (1st Cir. 2014). *Accord United States v. DiMasi*, Cr. No. 09-10166-MLW, 2011 WL 368213, at *3 (D.Mass. Feb. 4, 2011). The defendant believes that he has met these conditions.

                          Respectfully submitted

                          <u>MARK A. CLARKSON, D.O.</u>
                          by counsel

## CERTIFICATE OF SERVICE

I, Thomas W. Smith, Esq., have filed this **MOTION FOR PRODUCTION OF GRAND JURY MATERIALS AND MEMORANDUM IN SUPPORT THEREOF**, via the SDWV NextGen electronic filing system, which will notify the appropriate parties of said filing, including:

Monica D. Coleman,
Assistant U.S. Attorney
Southern District of West Virginia

**October 15, 2019**

<u>/s/THOMAS W. SMITH, ESQ.</u>
W.Va. Bar No. 3490
1583 Jackson St.
Charleston WV 25311
(304) 389-4321
tomsmithwv@gmail,com

<u>/S/THOMAS W. SMITH, ESQ.</u>
W.Va. Bar No. 3490
P.O. Box 3925
Charleston WV 25339-3925

tomsmithwv@gmail.com
(304) 389-4321