**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

Beckley Division

UNITED STATES OF AMERICA,

v.                                                                Criminal No. 5:18-cr-00026-04

MICHAEL T. MORAN, M.D.,
        Defendant.

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MICHAEL T. MORAN, M.D.'S MOTION TO MODIFY
TERMS AND CONDITIONS OF PRETRIAL DIVERSION AGREEMENT

The initial Indictment in this case was handed down by a federal grand jury on February 18, 2018. Michael T. Moran, M.D. (hereinafter "Dr. Moran") appeared for his initial arraignment on March 7, 2018, and was placed on a pre-trial bond subject to this district's standard terms and conditions. One of those conditions was that Dr. Moran must relinquish possession of his extensive firearm collection while he remained on a pre-trial bond. The pre-trial bond was subsequently amended such that Dr. Moran could continue to practice medicine in the Commonwealth of Virginia during the pendency of this case. The condition that Dr, Moran must refrain from possessing a firearm has remained in effect since Dr. Moran's initial arraignment.

The substance of the original Indictment, and of the subsequent superseding indictments, related to allegations of prescribing federally controlled substances without a legitimate medical purpose and to certain financial transactions by the medical practice targeted by the government in its charging documents. No allegation against Dr. Moran, or any of the other doctors named in the

Indictment, referred to violence of any kind, nor the improper possession or use of any firearm in any manner.

Dr, Moran's supervision while on his pre-trial bond was transferred from the United States Probation Office in the Southern District of West Virginia to the Roanoke, Virginia office of the United States Probation Office. Dr. Moran complied with all the terms and conditions of his pre-trial bond for over eight years while this case was being litigated. Dr. Moran removed his rather extensive collection of firearms from his residence and stored those firearms with individuals willing to safeguard them during his temporary prohibition. Dr. Moran verified that at all times this arrangement was satisfactory to his supervising probation officer.

On September 24, 2025, after months of negotiations, the United States and Dr. Moran entered and executed the Agreement for Pretrial Diversion. That agreement was approved by the United States Probation Office for the Southern District of West Virginia and by this Court on March 10, 2026. The agreement contemplates an additional 12 months of supervision with certain terms and conditions set forth in the agreement.

The Pretrial Diversion Agreement sets forth, in pertinent part:

> In this program, you will be under the supervision of a federal probation officer for a period of 12 (twelve) months, and you must comply with the terms and conditions set by the probation officer which include, but are not limited to the following:
>
> . . .
>
> 11.     You shall not have a firearm in your possession at any time.

Paragraph 11 of the Pretrial Diversion Agreement is obviously identical to one of the standard terms and conditions of a pre-trial bond in this district. The purpose of the standard condition of prohibiting the possession of a firearm by an individual with pending federal criminal charges is obvious: to protect the supervising probation officer and the general public from any potential danger posed by an individual facing criminal charges. Now, after more than 8 years of litigation, and the

entry of the Agreement for Pretrial Diversion, that rationale, however remote it may have been in a case involving medical prescriptions and financial transactions, has been resolved and removed.

The impetus for this Motion to Modify stems from recent legislation passed by the Virginia legislature which was unknown to the parties at the time of the execution of the agreement or the hearing before this Court. The Virginia legislature has recently passed, and the Governor of Virginia has signed, new laws that materially alter the regulation of firearms in the state. These new laws are scheduled to go into effect on July 1, 2026.[1]

In Senate Bill 348, the Virginia legislature changed the law regarding the storage of firearms and imposed new criminal penalties for violating the statute.

> Section 18.2-308.7:1 Storage of Firearms; Penalty
> . . .
> B. Any person who possesses a firearm in a residence where such person knows that a minor . . . is present shall store such firearm in a locked container, compartment or cabinet that is inaccessible to such minor . . . Any person who violates this section is guilty of a Class 2 misdemeanor.

Va. Sen. B. 348 (2026)

Currently, the persons in possession of Dr. Moran's collection of firearms cannot guarantee that they are able to meet these requirements as they do not own sufficient secure storage capacity and have minor grandchildren who visit their residence. Dr. Moran does have secure gun safes at his residence which already meet the new requirements set forth above and does not have minors living in or visiting his residence.

In addition to new laws regarding the storage of firearms, the Virginia legislature has also passed new legislation banning certain types of firearms. In April of 2026, the legislature amended §18.2-287.4:1:

---

[1] The undersigned is aware that the National Rifle Association and other 2nd Amendment advocates have initiated litigation challenging the constitutionality of Virginia's new firearm regulatory scheme, however, as of this writing, the statutes remain scheduled to go into effect on July 1, 2026.

§ 18.2-287.4:1 Importation, sale, manufacture, etc., of assault firearms prohibited: Penalty

B.    Any person who imports, sells, manufactures, purchases or transfers an assault firearm is guilty of a Class 1 misdemeanor.

The legislature also passed § 18.2-308.2:1: Prohibiting the selling, etc., of firearms to certain persons: penalties.  That new statute provides:

Any person who sells, barters, gives, or furnishes, or has in his possession or under his control with the intent of selling, bartering, giving, or furnishing, any firearm to any person he knows is prohibited from possessing or transporting a firearm . . . shall be guilty of a Class 4 felony.

The new statutory framework also prohibits certain types of firearm magazines.  Section 18.2-309.1 addresses the legality of firearm magazines capable of holding a certain amount of ammunition.

"Large capacity ammunition feeding device" means a magazine . . . that has a capacity of, or can be readily restored or converted to accept more than 15 rounds of ammunition . . .

B.  Any person who imports, sells, barters, transfers or purchases a large capacity ammunition feeding device is guilty of a Class 1 misdemeanor.

Some of the firearms in Dr. Moran's collection would be categorized as assault style weapons or having a large capacity magazine as they are defined by the new statutes.  These new statutes all have a grandfather clause for legal owners of qualifying firearms who purchased or possessed those firearms prior to July 1, 2026.  Dr. Moran purchased and owned all of the firearms in his collection prior to the inception date of the new legislation.  The individuals currently in possession of his firearm collection; however, have expressed concern about the application of the new legislation to them and for all of the foregoing reasons, have requested that the firearms be removed from their residence.

Finally, Dr. Moran has inquired of his federal probation officer in Roanoke, Virginia regarding the potential return of his firearm collection to him while the Pretrial Diversion Agreement is in effect. The United States Probation Officer, who has supervised Dr. Moran during the pendency of his

pretrial bond and who has had extensive personal contact with Dr. Moran, has indicated that he does not object to Dr. Moran's request to have his firearm collection returned to him to be stored in the appropriate secure gun safes at his residence.

Accordingly, based upon all of the above referenced circumstances, Dr. Moran respectfully requests that this Court enter an Order modifying the terms and conditions of his Pretrial Diversion Agreement to allow him to reclaim possession of his firearm collection during the remaining duration of his pretrial diversion period.

Respectfully Submitted,

**MICHAEL T. MORAN, MD,**

By Counsel,


*/s/ John H. Tinney, Jr.*
John H. Tinney, Jr., Esquire (#6970)
Raj A. Shah, Esquire (#11269)
John K. Cecil, Esquire (#9155)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
jtinney@handl.com
rshah@handl.com
jcecil@handl.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

**UNITED STATES OF AMERICA**

**v.**                                                  **CRIMINAL NO.  5:18-cr-00026-04**

**MICHAEL T. MORAN**

---

### CERTIFICATE OF SERVICE

---

I, John H. Tinney, Jr., counsel for Michael T. Moran, MD., do hereby certify that on May 22, 2026, I served **"MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL T. MORAN, M.D.'S MOTION TO MODIFY TERMS AND CONDITIONS OF PRETRIAL DIVERSION AGREEMENT"** using the Court's CM/ECF system, which will electronically deliver true and exact copies thereof to counsel of record.

*/s/   John H. Tinney, Jr.*
John H. Tinney, Jr., Esquire (#6970)
Raj A. Shah, Esquire (#11269)
John K. Cecil, Esquire (#9155)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
jtinney@handl.com
rshah@handl.com
jcecil@handl.com