UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY


UNITED STATES OF AMERICA

v.

                            **Case No. 5:18-CR-00026**

MICHAEL T. MORAN, M.D.


## AGREEMENT FOR PRETRIAL DIVERSION


TO:   Michael T. Moran, M.D.
       C/O John "Jack" H. Tinney, Esquire
       214 Capitol Street
       Charleston, WV 25301


You have been charged by indictment with violating federal criminal law, to-wit: a violation of 21 U.S.C. § 846; 21 U.S.C. § 856(a)(1), 21 U.S.C. §841, 18 U.S.C. § 2, and 18 U.S.C. § 1956(h). Our investigation indicates that the ends of justice will best be served by placing you in a Pretrial Diversion Program.

In this program, you will be under the supervision of a federal probation officer for a period of 12(twelve) months, and you must comply with the terms and conditions set by the probation officer which include, but are not limited to the following:

1. You shall refrain from violation of any law (federal, state and local). You shall get in touch immediately with your

probation officer if arrested or questioned by a law enforcement officer.

2. You shall associate only with law-abiding persons and maintain reasonable hours.

3. You shall work regularly at a lawful occupation and when out of work or unable to work, you shall notify your probation officer at once. You shall consult your probation officer prior to job changes.

4. You shall not leave your judicial district without permission of the probation officer.

5. You shall notify your probation officer immediately of any change in your place of residence.

6. You shall follow the probation officer's instructions and advice.

7. You shall report to the probation officer as directed.

8. You shall support your dependents and meet other family responsibilities.

9. You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substance, except as prescribed by a physician.

10. You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

11. You shall not have a firearm in your possession at any time.

12. You shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Probation Officer.

13. As directed by the Probation Officer, you shall notify third parties of risks that may be associated by your criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm your compliance with such notification requirement.

14. You shall submit to random urinalysis or any other drug screening method whenever the same is deemed appropriate by the Probation Officer and shall participate in a substance abuse program, including inpatient substance abuse treatment, as directed by the Probation Officer.

15. You shall be completely forthright and truthful with this office, federal agents, and local law enforcement agencies with regard to any and all inquiries made of you. In addition, you will give signed, sworn statements and grand jury and trial testimony relative thereto. In any interviews conducted pursuant to this agreement, except appearances before the grand jury, you may have counsel present if you desire. Unless this agreement becomes void due to a violation of any of its terms by you, nothing contained in any statement or testimony given by you pursuant to

this agreement or any evidence developed therefrom will be used against you directly or indirectly in any further criminal prosecution. However, this agreement does not prevent you from being prosecuted for any violations of federal and state laws you may have committed should evidence of any such violations` be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by you pursuant to this agreement. Moreover, this agreement does not prevent the United States from prosecuting you for perjury or the giving of a false statement to federal agents, if such a situation should occur by virtue of your not being fully forthright and truthful.

16. You shall submit a written report of your activity to the probation officer within the first three days of each month, as directed.

Should you violate the conditions of this supervision, the United States Attorney may modify any conditions of this Pretrial Diversion Program or void the agreement and proceed to prosecute you on the offense(s) referred to above. Of course, the United States may release you from supervision at any time prior to the expiration of this Agreement.

Neither this agreement nor any other document filed with the United States Attorney as a result of your participation in the Pretrial Diversion Program will be used against you, except for

impeachment purposes, in connection with any prosecution for the above-referenced violation.

If upon completion of your period of supervision a pretrial diversion report is received to the effect that you have complied with all the rules, regulations and conditions heretofore set forth, the United States will move to dismiss the charges pending against you in Criminal No. 5:18-cr-00026.

This period of pretrial diversion under this agreement shall commence upon the date this agreement is approved by the United States District Court.

LISA G. JOHNSTON
Acting United States Attorney

By: _____
Brian D. Parsons
Assistant United States Attorney

Dated: _____18 NOV 25_____

I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware of my rights under the Speedy Trial Act of 1974, 18 U.S.C. §3161, et seq., and that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information or complaint for unnecessary delay in presenting a charge to the grand jury, filing an information or in bringing a defendant to trial. I hereby request that the United States Attorney for the Southern District of West Virginia defer its prosecution of me for violations of 21 U.S.C. § 846; 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; and 18 U.S.C. § 1956(h) for a period of 12 (twelve) months, and to induce him to defer such prosecution, I agree and consent that any delay from the date of this agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under 18 U.S.C. §3161, et seq., and Rule 48(b) of the Federal Rules of Criminal Procedure, and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the

running of the statute of limitations for a period of 12(twelve) months, which is the period of this agreement.

I hereby state that the above has been read and explained to me. I understand the conditions of my pretrial diversion and agree that I will comply with them.

_____
MICHAEL T. MORAN, M.D.

9/24/25
Date Signed

_____
JACK TINNEY, Esquire
Counsel for Michael T. Moran, M.D.

9/24/25
Date Signed

_____
BRIAN D. PARSONS
Assistant United States Attorney

18 NOV 25
Date Signed

_____
UNITED STATES PROBATION OFFICER

2/27/26
Date Signed